### HOTCHKISS v. NATIONAL CITY BANK OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

#### No. 212.

STIPULATIONS ⚯⇒14—CONSTRUCTION—LIABILITY ON APPEAL BOND.

In a suit in equity by a trustee in bankruptcy against a bank to recover securities delivered to the bank by the bankrupt, on the ground that such delivery was a voidable preference, it was stipulated that the bank might sell the securities in its discretion, the proceeds to stand in their place and "to represent the amount of liability of the * * * bank, * * *

should it be adjudicated that the delivery of the said securities to the bank was preferential." *Held*, that the "adjudication" contemplated by the stipulation was the final adjudication, and that, the bank not having sold the securities, on their recovery by complainant after successive appeals by the defendant, he could not recover on the supersedeas bonds the amount of their depreciation in market value pending the appeals.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. ☜⚊14.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here on writ of error to review a judgment of the District Court, Southern District of New York, in favor of defendant in error who was defendant below. The action is on supersedeas bonds given by defendant on appeals taken by it to this court and to the Supreme Court in a suit in equity between the same parties, which suit was brought by the plaintiff herein, as trustee in bankruptcy of Lathrop Haskins & Co. to recover the possession of certain securities delivered by that firm to defendant, on the ground that the delivery constituted a voidable preference under the Bankruptcy Act.

See, also, 201 Fed. 664, 120 C. C. A. 92.

A. I. Elkus and Wm. A. Barber, both of New York City (Wesley S. Sawyer, of New York City, of counsel), for plaintiff in error.

Shearman & Sterling, of New York City (J. A. Garver, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The transfer of the securities was on January 19, 1910, the equity suit to set it aside was begun in May, 1910. As a result of that suit the District Court held that the securities should be delivered to complainant, but that he could not recover in addition thereto the amount which they had declined in market value subsequent to January 19, 1910. Before such suit was brought the parties entered into a stipulation that the securities, then held by the bank, "may be sold by the National City Bank at the best price obtainable, at such times as may seem best to the officers of the National City Bank, * * * such sales to be without prejudice to the rights of either [the bank or the trustee]. * * , * It being further stipulated that the rights and claims of bank and receiver and trustee * * * shall attach to the proceeds realized from the sale of the securities * * * and the amount realized shall stand in lieu of the securities and shall represent the amount of the liability of the National City Bank to the receiver and trustee, * * * should it be adjudicated that the de-, livery of the said certificates to the bank was preferential and void as against rights of creditors; * * * it being the intention of the stipulation that the securities in the possession of the National City Bank shall be converted into money at the best prices obtainable and that all rights of the parties shall remain as against the proceeds," etc.

☜⚊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

The supersedeas bonds are in the usual form to answer for all damages and costs if appellant shall fail to make its plea good.

Upon disposition in the original equity suit of the contention that complainant could recover not only the securities, but also the amount of depreciation subsequent to the transfer on January 19, 1910, the District Court said (200 Fed. 287):

"This suit is in equity to recover the actual securities in specie. That is the prayer, and that was what was intended. It is quite likely that the trustee may have had the right to sue at law after rescinding the transfer and making a demand, because the refusal would have been a conversion. However, he did nothing of the kind, but proceeded in equity to reclaim the securities; and he cannot now blow hot and cold. The decree will be for the delivery of the securities, with any dividends received upon them."

Upon appeal to this court, we said (201 Fed. 664, 120 C. C. A. 92):

"The special master and the court below, however, held, and we think rightly, that the trustee had left the disposition of the securities to the absolute discretion of the bank; their proceeds, if sold, to stand in their place. Under such circumstances, it would be inequitable to hold the bank liable for the depreciation. All the trustee is entitled to is a return of the securities and an accounting as to any dividends or interest collected in the meantime."

In disposing of the appeal from our decision the Supreme Court said (231 U. S. 50, 34 Sup. Ct. 20, 58 L. Ed. 115):

"This was answered sufficiently by Judge Hand in the District Court. As he observed, the court was in equity to recover the securities in specie. After the agreement the bank was authorized to hold them until it thought * * * wise to sell. If it had sold, there can be no doubt that the plaintiff's claim would have been limited to the proceeds, by the words of the contract. Its judgment not to sell, exercised for the benefit of both parties, cannot have been intended to put it in a worse position. Such an understanding would have deprived the plaintiff of the judgment of the bank."

As to the question now before this court we concur with the District Judge that plaintiff cannot recover for depreciation of the securities intermediate the decision of the original suit in the District Court and their final delivery. Had no stipulation been entered into, it is very doubtful whether in that suit in equity to recover specific securities "damages" can be held to cover depreciation. Kountze v. Omaha Hotel Company, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609. Certainly it is the law for these parties that depreciation down to the date of decision in the District Court is not recoverable. But all doubts are relieved by the stipulation. Manifestly it was thought that the bank was better able to judge of the situation in Wall Street and to select the best time to sell the securities than the receiver or trustee would be; it was for the interest of all to sell for the best possible price and the stipulation was a very sensible arrangement to make of a difficult situation. It certainly contemplated that the bank should hold the securities (unless it decided for the general interest to sell all or some) until it "should be adjudicated that the delivery * * * was preferential." We are of the opinion that the "adjudication" contemplated in the stipulation was the final adjudication.

Judgment affirmed.